**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Alice T. Mosely,

     Plaintiff,

    v.                              **Case No. 2:12-cv-836**

Michael J. Astrue,                  **JUDGE GREGORY L. FROST**
Commissioner of Social Security,       **Magistrate Judge Kemp**

     Defendant.

## OPINION AND ORDER

   This social security disability case is before the Court to consider a Report and Recommendation filed on February 28, 2013.  In that filing, the Magistrate Judge recommended that the Court dismiss the case for failure to prosecute because plaintiff, who filed for disability benefits on behalf of her grandchild, did not file a statement of errors.  The Court did direct plaintiff to do so, just as it directs every plaintiff in a social security case to file a statement which tells the Court why the plaintiff thinks the Commissioner's decision to deny benefits was wrong.

      The absence of a statement of errors makes it difficult (but not impossible) for the Court to review a decision of the Commissioner of Social Security to determine whether that decision is supported by substantial evidence.  This Court has often dismissed such cases where no statement of errors is filed, especially after the plaintiff has been warned that the Court will probably dismiss the case for that reason.  *See, e.g., Duvall v. Comm'r of Social Security*, 2012 WL 5935950 (S.D. Ohio Nov. 27, 2012); *Johnston v. Commissioner of Social Sec.*, 2012 WL 5395629 (S.D. Ohio Nov. 5, 2012).  Other courts have done that as well.  *See, e.g., Miles-Richardson v. Commissioner of Social Sec.*, 2010 WL 1790976 (E.D. Mich. May 3, 2010).

On the other hand, some judges have concluded that the only filing a plaintiff must make in a social security case is the complaint; nothing else is needed to obtain judicial review.  *See, e.g., Wright v. Commissioner of Social Sec.*, 2010 WL 5420990 (E.D. Mich. Dec. 27, 2010), *citing Kenney v. Heckler,* 577 F.Supp. 214 (N.D. Ohio 1983).  It does not appear that the Court of Appeals for the Sixth Circuit has decided this issue.  *See Salmo v. Commissioner of Social Sec.,* 2012 WL 6929176, *3 (E.D. Mich. Nov. 27, 2012)("[t]he Sixth Circuit has not weighed in on whether Rule 41(b) is an appropriate basis to dismiss a Social Security appeal brought under § 405(g)"), *adopted and affirmed* 2013 WL 273205 (E.D. Mich. Jan. 24, 2013).

In the past, especially when dealing with a *pro se* litigant (that is, someone who is not represented by an attorney), the Court has done a general review of the Commissioner's decision to make sure there are no obvious errors even when the plaintiff has not filed anything in this Court but the complaint.  *See Moody v. Astrue,* 2011 WL 335863 (S.D. Ohio Jan. 31, 2011).  The Court will do the same here.

This Court does not decide the issues in a social security disability case just as if there had never been an administrative decision.  Rather, the Court has to look at the administrative decision to see if there is some evidence in the record to support it, and to make sure that the Administrative Law Judge (ALJ) applied the law correctly.  If the administrative decision is legally sound and if it is supported by the kind of evidence a reasonable person could rely on, this Court has to affirm the Commissioner's decision to deny benefits.  *See* 42 U.S.C. §405(g); *Walters v. Commissioner of Social Security*, 127 F.3d 525 (6th Cir.1997).

The application for benefits was filed by the plaintiff,  Alice T. Mosley, on behalf of her grandson, who was born on April 21, 2006, and who was therefore an "older infant" when the

2

application was filed a month before his third birthday.  He was a "preschooler" (age 4) when the administrative hearing was held on October 13, 2010.  The Court's review of the record is limited to the question of whether, based on evidence submitted on or before the date of the ALJ's decision (which the ALJ issued on November 24, 2010), the child was entitled to benefits under those provisions of the Social Security Act and regulations which deal with older infants and preschoolers.

The Court has looked over the way that the ALJ described the law, and he did so correctly.  The issue in such a case is not, of course, whether a child is disabled from working.  Rather, an older infant or preschooler can get disability benefits only if that child has one or more "severe impairments" (the ALJ found he did - they included asthma, an expressive language disorder, an attention deficit hyperactivity disorder, and a disruptive behavior disorder) and if those conditions either match a condition described in a "Listing of Impairments" developed by the Social Security Administration or is as severe as one of those listed conditions even if it does not exactly match what the Listing of Impairments describes.  There are six different areas an ALJ must look at in making his decision, which are called "domains."  They have to do with how well the child acquires and uses information, is able to pay attention to and finish tasks, how he relates to others, how he moves around and is able to handle objects, whether he can care for himself the way other children his age can, and whether he has general problems with his health or well-being.  A child who is "extremely" limited in one of these areas - meaning that he is very seriously limited - is entitled to receive benefits, as is a child who is "markedly impaired" in two of these areas.  Being "markedly impaired" means that the child's ability to do age-appropriate things is seriously interfered with by his problems or conditions.  If

a child cannot meet these rather strict requirements, he will not get benefits.  The ALJ cited to the correct sections of the law when he explained all of this in his decision; that explanation is found at pages two through four of his decision, which appears in the Court's record as pages 14 through 16.

An ALJ goes about deciding how impaired a child is by looking at the various school and medical records and also, as he did in this case, taking testimony from the person who filed the application - Ms. Mosely - and from a medical expert.  The medical expert's testimony is very important in a case like this one because many of the questions the ALJ has to answer about whether a child has severe impairments and how severe they are depend on medical judgment.

Here, the ALJ reviewed quite a few records, and he describes them in great detail in his decision.  The Court will not repeat that description here; it does appear the ALJ accurately summarized them.  They included some medical records relating to the child's asthma, which does not appear to be his most serious problem, and a good many medical and other records relating to how well he was learning and how serious his behavior problems were.  The records showed that he had been placed in an MR/DD preschool program when he was quite young due to his hyperactivity and behavioral issues.  During that placement, he was evaluated by a Dr. Kramer, who rated the child's GAF (a measure of how severely impaired the child is) at 55, which is within the moderate range.  Dr. Kramer's report said the child  was developing in an age-appropriate way in many areas.  An Individualized Education Plan (IEP) prepared for him in June, 2010 showed that he was making adequate progress in almost all areas.  He did have some language difficulties but responded well to speech therapy.  He scored in the average or low average range on a number of tests designed to measure how well he was developing (although

one test showed his pre-academic development was delayed).  He was placed on Ritalin in October, 2010 to help control his hyperactivity.  His grandmother testified that he was difficult to deal with at home and did not get along too well with other children, and that although he was making some progress at school (which was a behavioral school), he brought home a fair number of bad reports.  She apparently believes the ALJ did not correctly assess how bad his behavior problems were, because that is the issue she pointed out in her letter to the Appeals Council requesting review of the ALJ's decision.

There is no question that the child has some diagnosed behavioral problems.  That is what led him to be placed in special preschool in the first instance.  That school's records showed that while he was not problem-free, by June of 2010 he was progressing adequately toward his goals.  In particular, the teachers' notes showed that he was rarely being asked to leave the group, and when that did happen, he settled down quickly and was able to rejoin the other students.  He was following directions, learning to trust the adults at the school, and getting better at using his manners.

 Early in the administrative process, state agency professionals reviewed the records and concluded that the child did not meet the requirements for getting benefits.  Dr. Block testified the same way.  He thought the child had no extreme or marked impairments, and no impairments at all in some areas.  The ALJ relied heavily on his testimony.

Here, it seems that no one actually said that the child was so severely impaired that he qualified for social security disability benefits.  There was evidence that he was making progress in problem areas and was doing fairly well in others.  A medical expert testified that he did not qualify for benefits.  The ALJ chose to believe that testimony.  The Court cannot say he was

wrong or unreasonable when he did so.  The ALJ correctly cited the law and reviewed the evidence of problems in functioning in each of the six required areas.

The Court understands that Ms. Mosely may not agree with the way the ALJ decided the case, but that is not enough to cause the Court to change the decision.  Based on everything the Court has seen, which is limited to the record before the ALJ, the Court simply cannot say that no reasonable person would have decided the case the way the ALJ decided it.  A substantial amount of evidence supported his decision.  That is enough to preclude the Court from reversing it.

For all these reasons, the Court **ADOPTS** the recommendation of the Magistrate Judge that the case be dismissed, but not because Ms. Mosely did not file a statement of errors.  Rather, the case will be dismissed because there is no legal basis for the Court to overturn the Commissioner's decision.  That being so, this case is **DISMISSED** and the Clerk is directed to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**


   /s/   Gregory L. Frost                    
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

6